[Civ. No. 36865. Second Dist., Div. Four. June 25, 1971.]

RAYMOND H. VANYEK, Plaintiff and Appellant, v.
EDWARD C. HEARD, Defendant and Respondent.

## COUNSEL

Edmond Ralph Anderson, Jr., for Plaintiff and Appellant.

Milo V. Olson for Defendant and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—Raymond H. Vanyek appeals from an order of the trial court made October 24, 1969, dismissing his action for damages against respondent and defendant Edward C. Heard under the mandatory dismissal provisions of Code of Civil Procedure section 583.

The plaintiff also purports to appeal from a minute order of the trial court made July 25, 1967, setting aside the default and default judgment rendered against defendant Edward C. Heard in this action. This is included in the notice of appeal from the order of dismissal, which notice was filed December 26, 1969. This purported appeal must be dismissed because it was not timely filed (rule 2(b) (2), Cal. Rules of Court) and this court has no jurisdiction. (*Deward* v. *La Rue,* 235 Cal.App.2d 59 [44 Cal.Rptr. 886].)

Plaintiff filed his action in superior court on March 4, 1964, and on the same date Heard, a Nevada resident, was personally served in Los Angeles County. No responsive pleadings were filed by Heard and, on or about January 28, 1966, plaintiff obtained a default entry by the clerk. On January 31, 1967, a default judgment was entered against Heard. On July 14, 1967, Heard made a motion to have the default and default judgment set aside. This motion was granted by minute order on July 25, 1967, and defendant filed his answer to the complaint that day.

On November 16, 1967, plaintiff filed his at-issue memorandum and certificate of readiness which was not acted upon by the court until November 22, 1968. Pretrial hearing was set for January 27, 1969, and plaintiff's attorney associated counsel for trial. The matter was continued to February 24, 1969, on defendant's objection that no substitution of attorneys had been filed. On that date the matter was set for jury trial May 21, 1969. Jury trial was later waived and on request of plaintiff by stipulation the trial was continued and reset for September 29, 1969.

On September 17, 1969, defendant Heard noticed a motion to be heard October 15, 1969, to dismiss pursuant to the mandatory provisions of Code of Civil Procedure section 583. It was then stipulated that trial should be reset after September 22, 1969, with the provision that the time beyond September 22, 1969, and until the date of dismissal or, if denied, of trial could not be considered in determining the five-year period thereafter. The motion to dismiss was heard October 15 and was granted October 24, 1969.

Plaintiff contends that the default proceedings and hearing should be deemed to constitute acts bringing a matter to trial within the meaning

of section 583, although he concedes that a single decision appears to have assumed a position adverse to this contention. (*Langan* v. *McCorkle,* 276 Cal.App.2d 805, 807 [81 Cal.Rptr. 535].)

The following dates are significant:

March 4, 1964—complaint filed;

January 28, 1966—entry of default by clerk;

January 31, 1967—default judgment entered;

July 25, 1967—default judgment and default set aside; defendant's answer filed;

September 26, 1969—trial set and continued without prejudice;

October 15, 1969—action dismissed.

The five-year period within which the matter should have been brought to trial expired March 3, 1969, unless extended by circumstances. The period from January 31 to July 25, 1967, should be excluded from this period since a judgment in plaintiff's favor existed during that 175-day period; this factor, alone, extended the five-year period to August 25, 1969. The question arises: should the period of 368 days from the date of the clerk's entry of default to the date the default judgment was entered also be excluded from the computation so as to further extend the five-year period? This seemingly is a matter of first impression under section 583.

The trial court in the present case dismissed the action on the theory that the five-year period had expired because only the 175-day period from January 31 to July 25, 1967, should be excluded. (*Matchett* v. *Ryerson,* 156 Cal.App.2d 52, 54 [318 P.2d 792].)

The cases relied upon by defendant are not controlling on the issue. In one there was no substantial time lapse between the date of entry of default and the default judgment (*Langan* v. *McCorkle, supra*); in the other there was no default (*Brunzell Constr. Co.* v. *Wagner,* 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553]).

It is clear that where there has been a partial trial, the time consumed in certain proceedings may be excluded. ▇ Time spent in preliminary motions and pretrial conferences generally will *not* be excluded (*Continental Pac. Lines* v. *Superior Court,* 142 Cal.App.2d 744, 750 [299 P.2d 417]; *J. C. Penney* v. *Superior Court,* 52 Cal.2d 666 [343 P.2d 919]), but time on appeal from a judgment (*Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981]), an order granting change of venue (*Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]), or a general demurrer sustained without leave to amend (*Smith* v. *City of Los Angeles,* 84

Cal.App.2d 297 [190 P.2d 943]) may be excluded. ■ The determination appears to revolve on the issue of the impracticality and futility or the impossibility of taking further proceedings with respect to prosecution of the action for a given period of time. (See *Woley* v. *Turkus,* 51 Cal.2d 402 [334 P.2d 12]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 65 [168 P.2d 665].) The fair test is whether the plaintiff had a reasonable opportunity throughout the entire five-year period to bring the action to trial. *(Bank of America* v. *Superior Court,* 84 Cal.App.2d 34, 38 [189 P.2d 799].)

■ The plaintiff in the instant case procured the default and proceeded with the hearing on the issue of damages in order to procure a default judgment. There were no other steps he reasonably could have been expected to take during the period in which the default was effective, except getting the judgment entered. Since any other proceedings were then impractical, it appears that the entire time from the date of entry of default on January 28, 1966, until the default judgment was set aside on July 25, 1967, must be excluded in computing the five-year period under Code of Civil Procedure section 583.

The purported appeal from the order setting aside the default is dismissed. The order dismissing the action is reversed.

Kingsley, J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 18, 1971.