[Civ. No. 20601. Fourth Dist., Div. Two. Nov. 2, 1979.]

PHILIP W. BRILEY, Plaintiff and Appellant, v.
MICHAEL H. SUKOFF et al., Defendants and Respondents.

406

**COUNSEL**

Philip W. Briley, in pro. per., and Robert L. Humphreys for Plaintiff and Appellant.

Ruston & Nance, Nancy E. Zeltzer and Donald A. Ruston for Defendants and Respondents.

**OPINION**

**THE COURT.**—Briley, plaintiff below, appeals from dismissal of his action for want of prosecution within five years of filing the action pursuant to the mandatory dismissal provisions of Code of Civil Procedure section 583, subdivision (b). The statute requires an "action...shall be dismissed by the court...unless...brought to trial within five years after the plaintiff has filed his action...."

On appeal, Briley contends the dismissal was erroneous because there was a trial on the merits prior to expiration of the five-year period. He says this case should be controlled by Code of Civil Procedure section 583, subdivision (c) which, in effect, provides a three-year extension of the mandatory dismissal provision where a new trial is granted after judgment.

In this case Briley appeared at the time set for trial and defendants did not appear. The cause was assigned and after waiting a reasonable time, Briley put on testimonial and documentary evidence and received judgment. Later, this judgment was set aside. Where a party does not appear for a properly noticed trial, a judgment or dismissal may be taken by the present party, unless, for good cause, the court directs otherwise. (Code Civ. Proc., § 594.) Subsequent to the judgment being set aside, the case was dismissed pursuant to Code of Civil Procedure section 583, subdivision (b) for failure to bring it to trial within five years.

On the scheduled trial date approximately ten days remained in the five-year period to bring the matter to trial. According to defendants, the five-year period was tolled during the time the judgment was in effect but when it was set aside the five-year period commenced to run again for the balance of the period. In other words, defendant's position is that when the judgment was set aside this left Briley with approximately 10 days to bring the matter to trial in order to avoid the dismissal statute.

Defendants' position is derived from cases involving standard default proceedings resulting from a failure to answer the complaint. (See Code Civ. Proc., § 585.) Foremost is the case of *Langan* v. *McCorkle,* 276 Cal.App.2d 805 [81 Cal.Rptr. 535] (disapproved on another matter in *Brunzell Constr. Co.* v. *Wagner,* 2 Cal.3d 545, fn. 13 at p. 555 [86 Cal.Rptr. 297, 468 P.2d 553].) There the court was called upon to determine the legal effect on the five-year mandatory dismissal period where default judgment was taken only to be later set aside. One argument posed in that case was that the hearing on the default judgment amounted to a trial within the meaning of Code of Civil Procedure section 583. The court said, "It is well established that the effect of the entry of a default judgment which is later vacated on the running of the five-year period of section 583 is to suspend the running of the period while the default judgment remains in effect...[b]ut once the default judgment has been vacated the running of the five-year period resumes." (At pp. 807-808.) It was also concluded that the hearing on the entry of the default judgment is not a trial within the meaning of Code of Civil Procedure section 583. "A trial is generally considered an adversary proceeding for the determination of a contested issue arising out of pleadings in which a fact or conclusion of law is maintained by one party and controverted by the other...In a hearing on the entry of a default judgment resulting from the failure of a party to answer, neither adversary parties, nor adversary pleadings, nor contested issues of law or fact are present." (At p. 808.[1])

We have found the same rule as *Langan* applied in other cases where a default judgment was taken due to the failure to file responsive pleadings followed by the setting aside of the default judgment. (*Maguire* v.

---

[1] In *Bella Vista Dev. Co.* v. *Superior Court,* 223 Cal.App.2d 603 [36 Cal.Rptr. 106], the court defined a trial as "'the examination before a competent tribunal, according to the law of the land, of questions of fact or of law put in issue by pleadings, for the purpose of determining the rights of parties.'" (At p. 608.)

*Collier,* 49 Cal.App.3d 309, 312-313 [122 Cal.Rptr. 510]; *Vanyek v. Heard,* 18 Cal.App.3d 467 [95 Cal.Rptr. 750]; *Reeves v. Hutson,* 144 Cal.App.2d 445, 453 [301 P.2d 264].) None of these cases involve a judgment taken pursuant to Code of Civil Procedure section 594 and later set aside.

The case containing language which comes closest to the matter before us is the 1932 case of *Holt v. Miller,* 214 Cal. 558 [6 P.2d 937, 79 A.L.R. 844], in which a two-year nonprosecution discretionary dismissal statute was involved. There the case was set for trial and plaintiff appeared ready for trial. Defendants did not appear at the scheduled trial time and after waiting a reasonable time for arrival of defendants and there being no arrival, the trial court heard the case and entered judgment in favor of plaintiffs. Subsequently the judgment was set aside on defendants' showing of mistake, inadvertence and excusable neglect in failing to appear for trial. The judgment was set aside approximately nine months before the two years ran from the date of commencement of the suit. During those nine months the matter was not brought to trial and upon expiration of the two-year period the trial court granted defendants' motion for dismissal for lack of prosecution. The Supreme Court affirmed.

In *Holt* the plaintiff contended that dismissal was improper because he had set the case for trial and had appeared at the appointed time ready to proceed to trial. The Supreme Court observed that two cases under the five-year mandatory dismissal provisions of Code of Civil Procedure section 583 held that appearing ready at the time set for trial was not enough to avoid mandatory dismissal. Then, without further explanation, the *Holt* court said: "But under these authorities [the five-year Code Civ. Proc. § 583 cases] the plaintiff did not prosecute the case to trial within the two-year period." (At p. 561.) The court made no reference to the fact a nonappearance judgment had been taken by plaintiff and consequently omitted any expressed consideration of the legal effect of such an event on a dismissal statute such as the one before us. Perhaps this was because no one raised the point in *Holt.* Since 1872, Code of Civil Procedure section 594 has allowed a judgment to be taken when the adverse party fails to appear for trial. The omission of any consideration of whether the nonappearance trial and judgment constituted a trial for the purposes of nonprosecution dismissal statutes is a critical void in the decision which leaves us legally uncompelled to follow *Holt.* ■ It is a very fundamental proposition that cases are not authority for matters they did not decide.

The *Holt* decision relies on *Miller & Lux Inc.* v. *Superior Court,* 192 Cal. 333 [219 p. 1006] and *Ravn* v. *Planz,* 37 Cal.App. 735 [174 P. 690], neither of which involved nonappearances, judgments taken pursuant to Code of Civil Procedure section 594 or the effect of setting aside such judgments.

 No case has been cited to us, and we have found none, which considered whether the taking of testimony and a resultant judgment pursuant to Code of Civil Procedure section 594 constitutes bringing a matter to trial within the meaning of Code of Civil Procedure section 583, subdivision (b). We are persuaded that such a proceeding qualifies as bringing a matter to trial in that not only does the situation include a contested proceeding in which a party simply fails to appear, but it includes the swearing of witnesses and the taking of evidence on the merits of issues put in controversy by the pleadings.

 In a trial before the court, the action is brought to trial when at least one witness is sworn and gives some testimony. (*Weeks* v. *Roberts,* 68 Cal.2d 802, 805 [69 Cal.Rptr.305, 442 P.2d 361]; *Kadota* v. *City & County of S.F.,* 166 Cal.App.2d 194, 195 [333 P.2d 75]; see: *Bella Vista Dev. Co.* v. *Superior Court, supra,* at p. 607.) Such is the instant case. "A 'trial' within the meaning of section 583 is the determinatiuon of an issue of law or fact which brings the action to the stage where final disposition can be made." *(King* v. *State of California,* 11 Cal.App.3d 307, 310 [89 Cal.Rptr. 715].) Again, such is the instant case.

We have no doubt the instant matter was brought to trial within the meaning of Code of Civil Procedure section 583, subdivision (b). The default judgment cases discussed earlier find a mere tolling of the statute while the default judgment remains in effect. Here, however, we deal with a contested lawsuit brought to trial, the taking of evidence and the rendering of a judgment. The fact that the defendants chose not to appear at the time of trial simply will not result in a resolution in their favor. Because the matter was brought to trial within the statutory five-year period, we conclude that when the judgment was set aside the legal effect under the dismissal statute of such action was to grant defendants a new trial.

Defendants moved to set aside the judgment pursuant to Code of Civil Procedure section 473. Defendant Dr. Michael Sukoff's ground

was that he had not received trial notice and thus the judgment taken pursuant to Code of Civil Procedure section 594 was defective. Such lack of notice is a ground for granting a *new trial*.[2] (*Simon* v. *Tomasini,* 97 Cal.App.2d 115 [217 P.2d 488]; *Smith* v. *Halstead,* 88 Cal.App.2d 638 [199 P.2d 379].) Defendant Dr. Virginia Sukoff admitted receiving trial notice but claimed she had relied on her *husband's* divorce attorney to take care of the matter. The judgment taken against Virginia was thus not legally defective in any manner. Her ground is also within the realm of a ground for new trial. (See: Code Civ. Proc., § 657—"Accident or surprise, which ordinary prudence could not have guarded against.")

In any event, once a trial has commenced pursuant to Code of Civil Procedure section 594 and a judgment taken, if that judgment is later set aside, for whatever reason, a new trial has been granted within the meaning of the dismissal statutes. We specifically reject application of *Langan* v. *McCorkle, supra,* and similar cases involving a standard default judgment situation.

We think it makes no difference whether the moving party has labeled the motion as one to reopen or for new trial (as in *Simon* v. *Tomasini, supra*) or for vacation of the judgment pursuant to Code of Civil Procedure section 473. Applicable here is Code of Civil Procedure section 583, subdivision (c), which recites that "[w]hen, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed...unless such action is brought to trial within three years after the entry of the order granting a new trial...."

Hence, when the case was dismissed some eight and one half months after the judgment was set aside, the dismissal was premature.

The judgment dismissing the action is reversed.

---

[2]It is fortunate for defendant Michael Sukoff that this court is not deciding whether his claim of lack of trial notice was a sufficient excuse. He was acting in pro. per., he provided no address for service in the court file, he had moved from his home address to an unknown location, his office wouldn't give out his home address to plaintiff (also then in pro. per.), so plaintiff served him at his admitted business office address. Also, his own attorney in his domestic action actually saw the trial notice. Of course, he has no recollection of receiving notice and argued that notice given at his business address was improper notice. Virginia Sukoff's excuse for not showing up for trial is equally uninspiring.