[Civ. No. 58338. Second Dist., Div. Two. Apr. 3, 1980.]

IVAN C. TIHOLIZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GEORGE THABIT, JR., et al., Real Parties in Interest.

**COUNSEL**

John C. Tiholiz for Petitioner.

No appearance for Respondent.

David L. Allen and Allen & Allen for Real Parties in Interest.

**OPINION**

**ROTH, P. J.**—Petitioner is the defendant and real parties in interest (RPIs) are the plaintiffs in action No. NWC 50691 now pending in respondent superior court (pending action). Petitioner requests this court to mandate respondent court to dismiss the pending action because the record shows without dispute that RPIs did not as required by the settled construction of Code of Civil Procedure sections 583, subdivision (b) or 583, subdivision (c)[1] bring the pending action to trial before the expiration of the time fixed by either section.

In pertinent part section 583, subdivision (b) mandates a trial court to dismiss an action "...unless such action is brought to trial within

---

[1]All references herein unless otherwise noted are to the Code of Civil Procedure.

five years after the plaintiff has filed his action. . . ." Section 583, subdivision (c) extends the five-year period in the event there has been a trial and a new trial is granted and no appeal is taken for three years ". . .after the entry of the order granting a new trial. . . ."

Respondent court based its denial of petitioner's motion to dismiss on a new interpretation of section 583, subdivision (c) as announced in the current case of *Briley* v. *Sukoff* (1979) 98 Cal.App.3d 405, 408-410 [159 Cal.Rptr. 452].

In *Briley*, defendants succeeded in setting aside a default judgment obtained against them by Briley.[2] Thereafter defendants' motion to dismiss Briley's action was granted because Briley had not brought his action to trial within five years as heretofore interpreted as required by section 583, subdivision (c). The *Briley* court announcing a new interpretation of section 583, subdivision (c) reversed the order of dismissal on the ground that the default judgment was the result of a trial as defined by section 594 and that the order vacating the default judgment was equivalent to an order granting a new trial as that phrase is used in section 583, subdivision (c). As a consequence the *Briley* court held that Briley had three years from the date of entry of the new trial order to bring his action to trial. The *Briley* court faithfully discussed and analyzed the previous cases (*Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805 [81 Cal.Rptr. 535]; *Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal. 3d 545 [86 Cal.Rptr. 297, 468 P.2d 553]; *Maguire* v. *Collier* (1975) 49 Cal.App.3d 309 [122 Cal.Rptr. 510]; *Vanyek* v. *Heard* (1971) 18 Cal. App.3d 467 [95 Cal.Rptr. 750]; *Reeves* v. *Hutson* (1956) 144 Cal. App.2d 445 [301 P.2d 264]) which had held that setting aside or nullifying a default judgment resulted not in a new trial but in the suspension of the running of the five years for a period of time equal to the period of time the default judgment was in effect. The *Briley* court then

---

[2]Commenting on this motion, it is clear that the *Briley* court was of the opinion the default judgment should not have been set aside. The court said at page 411, footnote 2: "It is fortunate for defendant Michael Sukoff that this court is not deciding whether his claim of lack of trial notice was a sufficient excuse. He was acting in pro. per., he provided no address for service in the court file, he had moved from his home address to an unknown location, his office wouldn't give out his home address to plaintiff (also then in pro. per.), so plaintiff served him at his admitted business office address. Also, his own attorney in his domestic action actually saw the trial notice. Of course, he has no recollection of receiving notice and argued that notice given at his business address was improper notice. Virginia Sukoff's excuse for not showing up for trial is equally uninspiring."

stated at page 411: "In any event, once a trial has commenced pursuant to Code of Civil Procedure section 594 and a judgment taken, if that judgment is later set aside, for whatever reason, a new trial has been granted within the meaning of the dismissal statutes. We specifically reject application of *Langan* v. *McCorkle, supra,* and similar cases involving a standard default judgment situation.

"We think it makes no difference whether the moving party has labeled the motion as one to reopen or for new trial (as in *Simon* v. *Tomasini, supra*) or for vacation of the judgment pursuant to Code of Civil Procedure section 473. Applicable here is Code of Civil Procedure section 583, subdivision (c), which recites that '[w]hen, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed . . . unless such action is brought to trial within three years after the entry of the order granting a new trial . . .'"

The record at bench shows the last of three several actions in the municipal court by RPIs was filed on March 5, 1974. The three actions were thereafter consolidated for trial and transferred to respondent court on or about December 16, 1974, and numbered as NWC 50691. Subsequently a motion for summary judgment was made in respondent court without notice as required by law or any notice actual or constructive to petitioner of the date on which said motion was to be heard. It was heard in petitioner's absence on June 19, 1978, and summary judgment was entered on June 23, 1978.

Thereafter pursuant to motion of petitioner to vacate said summary judgment, a new hearing was held on August 4, 1978, of which notice was given to RPIs and at which they were present. Respondent court vacated the summary judgment and entered a new judgment by its minute order, "Motion Granted. Summary Judgment Denied."

On December 13, 1979, respondent court over petitioner's objection granted RPIs' notice to return the case to the civil active list and specially set the action for trial on March 31, 1980, reserving in its order petitioner's right to move for a dismissal under section 583, subdivision (c). On January 9, 1980, petitioner's motion to dismiss was denied and this mandate proceeding followed. We think the motion should have been granted.

In *Briley* and the case at bench a defaulting defendant successfully vacated a default judgment secured by a plaintiff and then proceeded to successfully convince the same court that because of time limitations prescribed in section 583, subdivision (c) the plaintiff who filed the action should be required to dismiss it. The decisive difference on the facts is that in *Briley* the court had reservations as to the proper use of judicial discretion in the nullification of the default judgment. At bench we have no doubt that a summary judgment was obtained with no notice of hearing and that it would have been an abuse of discretion to have allowed it to stand.

Although we agree that the result in *Briley* is a desirable consummation of that case we disagree with respect that the principle announced, i.e., nullifying or setting aside a judgment entered by default or as in the case at bench a summary judgment, equates with an order granting a new trial as that phrase is used in section 583, subdivision (c). A default judgment by its very designation expressly states it is the result of a nonadversary proceeding.

We think too that a nullification of a summary judgment taken by default is in the same class as any other default judgment. It is clear from the record that the trial judge thought so too. The minute order recited above eloquently shows that the trial court regarded the June 19 hearing as a hearing prematurely noticed and merged RPIs' premature motion with petitioner's motion—proceeded to grant petitioner's motion —and in a separate order stated, "Summary Judgment Denied."

■ On the record at bench the facts justify a conclusion—certainly adopted by the trial court—there was no valid hearing resulting in a default judgment; therefore, section 583, subdivision (c) does not apply. In these circumstances assuming our interpretation of the trial court's minute order is correct section 583, subdivision (b) applies and the five-year period of that section was in no way tolled.

In any event, assuming that RPIs' were entitled to an extension for the approximate forty-day period their default judgment was in effect, RPIs' motion to restore the case to the civil calendar and set it for trial was made more than four months after the five-year period thus extended had expired.

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of January 7, 1980, denying the motion of the peti-

tioner to dismiss the consolidated actions and each of them, and enter a new and different order granting said motion.

Compton, J., and Beach, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied June 19, 1980. Bird, C. J., was of the opinion that the petition should be granted.