[No. B080663. Second Dist., Div. One. Aug. 15, 1995.]

SYLVIA MISIC et al., Plaintiffs and Appellants, v.
MARLENE SEGARS et al., Defendants and Respondents.

COUNSEL

Galindo & Fox and Craig A. Fox for Plaintiffs and Appellants.

Hernandez & Schapiro and David Hernandez, Jr., for Defendants and Respondents.

OPINION

**ORTEGA, Acting P. J.**—The question presented is whether an order setting aside a default judgment qualifies as a "new trial" order for purposes of Code of Civil Procedure section 583.320, which provides a three-year period

within which to again bring the matter to trial when a new trial is granted by the trial court or ordered by an appellate court.[1] We conclude it does not.

Plaintiffs/appellants filed their complaint on May 24, 1985, "for cancellation of deed and to [quiet] title to real property; for money, fraud, breach of contract." The clerk's default was entered nearly five years later on April 6, 1990. On the fifth anniversary of the filing of the complaint, May 24, 1990, appellants secured a default judgment granting various forms of relief, including money damages.

On September 27, 1991, the trial court set aside the judgment pursuant to "the following order: 'GRANTED.' No actual notice, []service insufficient, evidence does not establish avoidance of service." This ruling was affirmed on appeal. On November 3, 1993, the trial court granted defendants' motion to dismiss for failure to bring the matter to trial within five years from the filing of the complaint. (§ 583.310.)

Appellants contend section 583.320 gave them at least three years from September 27, 1991, to bring the matter to trial.[2]

## DISCUSSION

"It is unclear whether setting aside a judgment *after a default 'prove-up' hearing* . . . extends the 5-year period for trial [for the three additional years provided by section 583.320]. *Tiholiz* [v. *Superior Court* (1990) 104 Cal.App.3d 201 (163 Cal.Rptr. 452)] strongly suggests it does *not* (i.e., a nonadversary hearing is not a 'trial.') But *Briley* [v. *Sukoff* (1979) 98 Cal.App.3d 405 (159 Cal.Rptr. 452)] suggests to the contrary (arguably no difference between default 'prove-up' and trial where party who has answered fails to appear)." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1994) Dismissals ¶ 11:272.1c, p. 11-102.1, rev. #1, 1995.)

In *Briley* v. *Sukoff* (1979) 98 Cal.App.3d 405 [159 Cal.Rptr. 452], the defendants answered plaintiff's complaint, but failed to appear for trial. "The cause was assigned and after waiting a reasonable time, Briley put on testimonial and documentary evidence and received judgment." (*Id.* at p.

---

[1] All further statutory references are to the Code of Civil Procedure.

Some of the cases analyzed refer to section 583, which was repealed in 1984 and replaced by section 583.310 et seq., which essentially reiterated the same provisions.

[2] Section 583.320 provides in relevant part: "(a) If a new trial is granted in the action the action shall be brought to trial within the following times: [¶] . . . . [¶] (3) If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court."

407.) Defendants subsequently had the judgment set aside and secured dismissal for failure to get the case to trial within five years. Distinguishing several cases that had held a default prove-up is not a trial, the *Briley* court held that a trial had been held, entitling plaintiff to the three-year extension provided by section 583.320 for a new trial. Although failing to appear for trial, defendants had joined the action. Plaintiff presented testimony and other evidence. The procedure was conducted under section 594 (where an answering defendant fails to appear for trial) rather than section 585 (where defendant defaults by failing to answer the complaint).

*Tiholiz* v. *Superior Court* (1980) 104 Cal.App.3d 201 [163 Cal.Rptr. 452] disagreed with *Briley*. In *Tilholiz*, the plaintiff gave improper notice of a summary judgment motion and defendant failed to appear. The trial court granted plaintiff's motion. Subsequently, the trial court granted defendant's motion to set aside the summary judgment and then denied defendant's motion for a five-year dismissal. The appellate court issued a peremptory writ of mandate compelling the trial court to dismiss. The panel disagreed with *Briley* "with respect that the principle announced, i.e., nullifying or setting aside a judgment entered by default or as in the case at bench a summary judgment, equates with an order granting a new trial as that phrase is used in section 583, subdivision (c)[, now section 583.320]. A default judgment by its very designation expressly states it is the result of a nonadversary proceeding." (*Id.* at p. 205.)

The primary case *Briley* analyzed and distinguished was *Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805 [81 Cal.Rptr. 535], disapproved on other grounds in *Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 555, footnote 13 [86 Cal.Rptr. 297, 468 P.2d 553], which had concluded that a "hearing on the entry of the default judgment is not a trial within the meaning of . . . 583. 'A trial is generally considered an adversary proceeding for the determination of a contested issue arising out of pleadings in which a fact or conclusion of law is maintained by one party and controverted by the other . . . [.] In a hearing on the entry of a default judgment resulting from the failure of a party to answer, neither adversary parties, nor adversary pleadings, nor contested issues of law or fact are present.' [Citation.]" (*Briley* v. *Sukoff, supra*, 98 Cal.App.3d at p. 408, fn. omitted.) *Briley* noted several other cases had reached the same result as *Langan*, but did not "involve a judgment taken pursuant to . . . section 594 and later set aside." (*Id.* at p. 409.)

*Langan* rejected the argument that a plaintiff's testimony at the prove-up hearing turns the procedure into a trial within the meaning of section 583. "It is well established that the effect of the entry of a default judgment which is

later vacated on the running of the five-year period of section 583 is to suspend the running of the period while the default judgment remains in effect. During that time it would obviously be impossible to bring the action to trial. But once the default judgment has been vacated the running of the five-year period resumes." (*Langan* v. *McCorkle, supra,* 276 Cal.App.2d at pp. 807-808; see also *Maguire* v. *Collier* (1975) 49 Cal.App.3d 309, 312-313 [122 Cal.Rptr. 510]; *Vanyek* v. *Heard* (1971) 18 Cal.App.3d 467 [95 Cal.Rptr. 750]; and *Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 453 [301 P.2d 264].)

Other authority, while not dealing specifically with this issue, would seem to give the term "trial" a broader interpretation. ". . . 'A trial is the examination before a competent tribunal, according to the law of the land, of the *facts or law* put in issue in a cause for the purpose of determining such issue. When a court hears and determines any issue of fact or of law for the purpose of determining the rights of the parties it may be considered a trial.' [Citation.]" (*City of Pasadena* v. *Superior Court* (1931) 212 Cal. 309, 313 [298 P. 968], italics added.) For example, a trial occurs when a trial court resolves " '. . . the litigation adversely to the plaintiff by such procedures . . . as directed verdict . . . , nonsuit . . . , judgment under Code of Civil Procedure section 631.8, summary judgment . . . , or judgment on the pleadings . . . . These procedures must necessarily all be deemed to constitute a trial.' [Citation.]" (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 3, p. 21, citing *Kindt* v. *Kauffman* (1976) 57 Cal.App.3d 845, 862 [129 Cal.Rptr. 603], disapproved on other grounds in *Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389, 401, fn. 8 [143 Cal.Rptr. 13, 572 P.2d 1156].) "In its broad meaning, the term 'trial' includes a trial on the law alone. [Citation.]" (7 Witkin, Cal. Procedure, Trial, *supra,* at p. 19.) "There may be a trial of issues of fact though no evidence is introduced." (7 Witkin, Cal. Procedure, Trial, *supra,* § 2, at p. 19.)

"A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (§ 581, subd. (a)(6).) A trial is completed when judgment is entered. (7 Witkin, Cal. Procedure, Trial, *supra,* § 1, at p. 19.) In the instant matter, the judgment shows that "evidence [was] introduced and . . . considered by the court[.]"

"A default judgment is reviewable on appeal the same as any other civil judgment. The fact that defendant defaulted in the trial court does not bar its right to appeal the judgment entered. [See *City Bank of San Diego* v. *Ramage* (1968) 266 Cal.App.2d 570 [72 Cal.Rptr. 273].]" (Weil & Brown, Cal.

Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 5:272, p. 5-54 rev. #1, 1995.) "Appellate courts are inclined to *affirm* orders granting relief from default because the law favors trial on the merits, whenever possible." (*Id.* at ¶ 5:415, p. 5-85.) When a trial court grants a motion to vacate a default, an appeal does not lie in the absence of entry of a default judgment. (*Veliscescu* v. *Pauna* (1991) 231 Cal.App.3d 1521 [282 Cal.Rptr. 832].)

"[R]elief from judicial error in rendering a default judgment can be obtained in the same manner as for judgments following a contested trial. [*Don* v. *Cruz* (1982) 131 Cal.App.3d 695 [182 Cal.Rptr. 581].]" (Weil & Brown, *supra*, ¶ 5:476, p. 5-100, rev. #1, 1995.) "Although in default, defendant can attack the default judgment in the trial court by motion for new trial on the ground of 'excessive or inadequate' damages or 'because the verdict or decision is against the law[.]' [Citing § 657, subds. (5), (6) and *Don* v. *Cruz*, *supra*, 131 Cal.App.3d at p. 704.]" (*Id.* at ¶ 5:477.) *Devlin* v. *Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3d 381, 385-386 [202 Cal.Rptr. 204], with dictum to the contrary, "is unsupported by any recent authority, and is believed to be incorrect." (Weil & Brown, *supra*, at ¶ 5:479, pp. 5-100 to 5-101, rev. #1, 1995.)

Under this rationale, a defaulting defendant could ask the trial court for a new trial, at least under certain circumstances. If granted, section 583.320, subdivision (a)(2) would arguably give plaintiff three years from the date of the order to bring the matter to trial. As that scenario is not before us, however, we do not decide that issue.

Notwithstanding these broad interpretations, gleaned from various sources, case law is consistent insofar as the instant matter is concerned and leads us to conclude that the default judgment did not constitute a trial for purposes of section 583.320. The only case that comes close to holding otherwise, *Briley*, was not a strict default as provided for by section 585. The *Briley* defendants answered, thus joining the issues, but failed to appear for trial. Had they appeared, they would have been entitled to present a full defense. In their absence, the matter was conducted under the procedures of section 594. In contrast, defendants here, had they appeared at the prove-up hearing, would not have been heard. Not even *Briley* goes so far as to characterize a section 585 proceeding as a trial for purposes of section 583.310 et seq.

Appellants cite *Heward* v. *Cromwell* (1963) 216 Cal.App.2d 613 [31 Cal.Rptr. 249] and *Muller* v. *Muller* (1960) 179 Cal.App.2d 815 [4 Cal.Rptr. 419], both of which we find inapplicable. *Heward* involved two separate

actions, one legal and one equitable, and a separate appeal on each. In the legal action, plaintiff secured a default judgment against defendants, one of whom (Cromwell) later brought a successful independent action in equity to set aside the judgment. Cromwell then appealed from that portion of the equity judgment directing the matter to trial, claiming he had not been served within three years and the matter had not gone to trial within five. The appellate court said he had waived those claims. Back in the trial court on the legal matter, Cromwell filed his answer to plaintiff's complaint and waited. More than two and a half years later, plaintiff asked to set the case for trial. It was now over 10 years since the complaint had been filed, although nearly half of that had been tolled. Cromwell moved for and secured a five-year dismissal. On the ensuing appeal, the court affirmed, rejecting plaintiff's argument that the finding of waiver in the first appeal (the equity action) constituted law of the case. The panel held that the principle did not apply since the first appeal had been on a separate case. For the same reason, the panel also rejected plaintiff's claim that he had three years from issuance of the remittitur in the first appeal to get to trial.

Appellants argue that the "clear implication of this ruling is that had the prior appeal been in the same case - then the three-year statute would have applied." We see no such implication. The *Heward* court did not address the question of whether a default prove-up constitutes a trial for purposes of section 583.320. *Heward* does not even contain dictum supporting appellants' position. That panel found the three-year extension inapplicable for one reason. We find it inapplicable for another.

*Muller* v. *Muller, supra,* 179 Cal.App.2d 815, is similar to *Heward.* The appellate court held that the plaintiff was not entitled to three years from issuance of the remittitur on a related but separate action. The panel did not address our issue. Again, appellants' position is supportable only by way of an implication we do not perceive.

Case law has chosen, wisely or otherwise, to give a restricted meaning to the word "trial," casting it as a contest, rather than as a procedure where a trial judge examines the proffered evidence, even if uncontested, and determines whether it supports a particular judgment. Although default prove-ups are usually open and shut affairs, many a plaintiff has walked out of such a hearing with far less than anticipated, or nothing at all. Although risky, a defendant may choose not to contest, believing a plaintiff has no chance of recovery even in a default prove-up.

We apprehend the inconsistency allowed by the authority, cited above, opining that a defaulting defendant could, under certain circumstances, ask

for a new trial. If granted, the plaintiff would arguably have three years to get to trial. In contrast, if a defendant merely asks to have the default judgment set aside, the plaintiff is thrust into the quagmire of the five-year rule, with its possibilities of exceptions and tolling. But this is not the only area of the law permitting inconsistent treatment. The lesson for a plaintiff in a default situation is to secure the default judgment at an early stage, thus tolling the five-year statute and leaving plenty of time to get to trial should the judgment be set aside. Here, appellants waited almost the entire five years before having the default entered and took the default judgment on the fifth anniversary, leaving no room to spare when the judgment was set aside. We appreciate that many considerations may have caused appellants to wait, but venerable and recent authority specifically holds, as we now do, that the prove-up was not a trial and our decision on the previous appeal was not affirmance of "an order granting a new trial . . . ." (§ 583.320, subd. (a)(3).) No authority supporting an argument to the contrary has specifically dealt with this issue.

Per *Langan*, the five-year period was tolled (albeit only the last few hours) with the entry of the default judgment on May 24, 1990, the five-year anniversary. The tolling ceased on September 27, 1991, with the setting aside of the judgment. Since less than six months remained in the five-year period, section 583.350 gave appellants six months to get to trial. They failed to do so and the trial court properly dismissed the case.

## DISPOSITION

The judgment (order of dismissal) is affirmed.

Vogel (Miriam A.), J., and Masterson, J., concurred.

Appellants' petition for review by the Supreme Court was denied November 22, 1995. Mosk, J., was of the opinion that the petition should be granted.