Filed 6/22/15  Lancaster v. Law Offices of Isabel Hernandez Rodriguez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| WALTER LANCASTER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>LAW OFFICES OF ISABEL HERNANDEZ RODRIGUEZ,<br><br>    Defendant and Respondent. | B256990<br><br>(Los Angeles County<br>Super. Ct. No. BC508367) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Abraham Khan, Judge.  Modified and affirmed.

Walter Lancaster, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Walter Lancaster (Lancaster), in propria persona, appeals a default judgment which awarded him $25,000 in damages against Isabel Hernandez Rodriguez (Rodriguez) and Law Offices of Isabel Hernandez Rodriguez (the Rodriguez firm) following a default proveup.

Lancaster contends the trial court erred in awarding him only $25,000 for the emotional distress he suffered as a consequence of being arrested and jailed due to attorney malpractice, and further erred in denying him any award of punitive damages.

On the record presented, we perceive no error in the amount of the damage award. However, the judgment must be modified to delete Rodriguez, the individual, as a party to the default judgment. (See § 3 of Discussion, *post*.) As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2013, Lancaster filed suit against the Rodriguez firm, alleging causes of action for legal malpractice, breach of fiduciary duty, negligence, and fraud. The gravamen of the action is that attorney Rodriguez failed to appear at a restitution hearing on May 9, 2012, which led to the issuance of a bench warrant, Lancaster's re-arrest, and his confinement in the county jail for six days.

No answer was filed below (and no respondent's brief has been filed on appeal).

Lancaster served and filed a statement of damages seeking $40,000 in general damages and $120,000 in punitive damages.

On November 4, 2013, the trial court entered the Rodriguez firm's default, in accordance with Lancaster's request for entry of default.

On December 18, 2013, Lancaster submitted a default proveup package, consisting of his declaration and list of exhibits. The matter proceeded on written declaration pursuant to Code of Civil Procedure section 585, subdivision (d).

On January 13, 2014, the trial court issued a written ruling indicating that it had reviewed the papers submitted in support of the default proveup, and that Lancaster would be awarded $25,000 in general damages for the emotional distress he suffered by

2

"being arrested and jailed due to attorney malpractice." However, Lancaster would not be awarded any punitive damages because he had not presented evidence of defendant's financial condition.

On January 13, 2014, the trial court entered a default judgment against both Rodriguez individually and the Rodriguez firm, awarding Lancaster $25,000 in damages plus $145 in costs. The trial court directed Lancaster to give notice of entry of judgment.

On June 16, 2014, Lancaster filed notice of appeal from the January 13, 2014 judgment.[1][2]

## CONTENTIONS

In substance, Lancaster appears to contend that on the default proveup, the trial court made an inadequate award of damages.

## DISCUSSION

1. *General principles.*

A default judgment is reviewable on appeal the same as any other civil judgment. (*Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1153.) A plaintiff dissatisfied with the default judgment or, more typically, the amount of damages awarded, may appeal. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361.)

2. *No merit to Lancaster's contention the damage award is inadequate.*

a. *Overview.*

The record reflects that Lancaster filed a request for entry of default and statement of damages, in which he requested $40,000 in general damages and $120,000 in punitive damages. After reviewing the papers submitted by Lancaster, the trial court awarded him

---

[1] It does not appear that Lancaster served notice of entry of judgment. Therefore, the notice of appeal filed June 16, 2014 appears to be timely because it was filed within 180 days of entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(C).)

[2] Lancaster requested a settled statement to develop a record for appeal. However, as the trial court explained to him, a settled statement may be had only of oral proceedings, and here, the default proveup proceeded by way of written declaration, without a live hearing.

3

$25,000 for emotional distress "suffered in relation to being arrested and jailed due to attorney malpractice." The trial court noted that emotional distress is not subject to precise measurement, and that there is no fixed or absolute standard by which to compute the monetary value of emotional distress. As for punitive damages, the trial court ruled that Lancaster was not entitled to such an award due to the lack of proof of defendant's financial condition.

b. *General damages.*

*Uva v. Evans* (1978) 83 Cal.App.3d 356, 363-364, involving an appeal from a default judgment, sets forth the pertinent standard of review: "The power of an appellate court to review the trier of fact's determination of damages is severely circumscribed. An appellate court may interfere with that determination only where the sum awarded is so disproportionate to the evidence as to suggest that the verdict was the result of passion, prejudice or corruption [citations] or where the award is so out of proportion to the evidence that it shocks the conscience of the appellate court. [Citations.]"

Here, Lancaster's opening brief fails to explain why the evidentiary showing he made on the default proveup, contained in his declaration and exhibits (Code Civ. Proc., § 585), obligated the trial court to award him the entire $40,000 in general damages that he requested, rather than the $25,000 that it did award. Given Lancaster's failure to show the amount awarded was insufficient, and guided by our deferential standard of review, this court cannot disturb the $25,000 award of general damages.

c. *Punitive damages.*

As the trial court stated in refusing to award punitive damages, a plaintiff who seeks to recover punitive damages bears the burden of establishing the defendant's financial condition. (*Adams v. Murakami* (1991) 54 Cal.3d 105, 123 (*Adams*); *Cummings Medical Corp. v. Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1299-1301 [applying *Adams* to a default proveup].)

In the absence of any evidence of defendant's financial condition, the trial court properly denied Lancaster's request for an award of punitive damages in any amount.

4

3. *Trial court erred in including "Isabel Hernandez Rodriguez" as a party to the default judgment, which must be corrected to eliminate her as a party.*

We note the record is unclear with respect to the identity of the named defendant(s). The Case Information Statement filed by Lancaster indicates the Rodriguez firm is the sole respondent on appeal. As for the pleadings, the caption of the complaint solely named "Law Offices of Isabel Hernandez Rodriguez, Defendant," but the body of the complaint contained allegations referring to "Defendant Isabel Hernandez Rodriguez." However, the request for entry of default filed November 4, 2013, requested entry of default solely as to the Rodriguez firm, and the clerk entered the Rodriguez firm's default, as requested. Similarly, the statement of damages indicates the only party served was the Rodriguez firm. Nevertheless, the default judgment entered January 13, 2014 entered judgment against both the Rodriguez firm and "Isabel Hernandez Rodriguez," individually.

Because there was no entry of default as to Rodriguez individually, the trial court lacked jurisdiction to include her as a party to the default judgment. Accordingly, the default judgment must be corrected to eliminate her as a party, leaving the Rodriguez firm as the sole defendant named in the judgment.

5

## DISPOSITION

The default judgment entered January 13, 2014, is modified at paragraph 5a. to delete "Isabel Hernandez Rodriguez" as a party to the judgment. As modified, the judgment is affirmed. Lancaster shall bear his own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


KITCHING, J.


EGERTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.