Filed 5/18/22  City of Sacramento v. Altstatt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CITY OF SACRAMENTO, | C092141 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201500184866CUMCGDS) |
| v. | |
| DANIEL JAMES ALTSTATT, | |
| Defendant and Appellant. | |

Defendant Daniel James Altstatt appeals from a default judgment entered against him in plaintiff City of Sacramento's (City) action for civil penalties and injunctive relief based on a public nuisance.  The City asserts defendant's appeal should be dismissed because he fails to comply with fundamental appellate requirements.  Although defendant's briefing is flawed, we will nevertheless address his arguments.

Defendant, representing himself, now contends (1) the civil penalties imposed were constitutionally excessive in violation of the Eighth Amendment, (2) reversal is

1

necessary based on accusations defendant makes against the City and the trial court, (3) the trial court violated his due process rights, and (4) the trial court abused its discretion by not setting aside the default judgment. Concluding that defendant's contentions lack merit, we will affirm the judgment.

BACKGROUND

Defendant owned residential property in Sacramento, which he maintained in a manner that created a severe public nuisance. In 2014, the City began enforcement efforts to require defendant to remedy multiple code violations, but defendant did not take the necessary actions. Instead, defendant insisted that the City cease its code enforcement activities.

After further unproductive enforcement efforts, the City filed a complaint in 2015 based on public nuisance, seeking civil penalties and injunctive relief. Defendant was personally served. Defendant filed numerous requests, demands, objections, motions, and notices in response to the complaint. Twice, defendant attempted to remove the action to federal court, and in each instance the case was remanded to the state trial court. Despite defendant's many filings, he never answered the City's complaint.

On February 1, 2018, defendant's default was entered. Twenty months later, on October 29, 2019, defendant filed a motion to set aside the default. He asserted (1) the default was void because the trial court lacked personal jurisdiction over him, (2) the City failed to file a timely request for default, (3) the City failed to obtain a timely default judgment, (4) there was extrinsic mistake, and (5) the default was harsh and unfair under federal law.

The trial court denied defendant's motion to set aside the default. It concluded (1) the trial court had personal jurisdiction over defendant, (2) the rule concerning a timely request for default does not provide for setting aside a default properly entered, (3) the rule concerning obtaining a timely default judgment does not provide for setting aside a default properly entered, (4) defendant presented no valid argument concerning extrinsic

2

fraud, (5) defendant's motion to set aside the default was untimely, and (6) defendant failed to include a copy of the proposed answer or responsive pleading. The trial court noted but did not address defendant's argument that the default was harsh and unfair under federal law.

On March 11, 2020, the trial court entered default judgment against defendant. The judgment imposed a total of $568,000 in civil penalties for three years of continuing violations of the Sacramento City Code and, in essence, permanently enjoined defendant from maintaining his residential property as a public nuisance. Sacramento City Code section 8.04.080, subdivision (B) provides for civil penalties for nuisance violations of between $250 and $25,000 per day. The trial court imposed the minimum of $250 per day. Further, Sacramento City Code section 8.100.170, subdivision (A) provides the same civil penalties for violations of the Housing Code. The trial court again imposed the minimum $250-per-day penalty. The judgment also provided that the City may lodge a proposed order appointing a receiver of the property if defendant fails to keep the property free of nuisance conditions. Finally, the judgment required defendant to pay the City $5,000 for attorney's fees.

DISCUSSION

I

Defendant contends the civil penalties imposed were constitutionally excessive in violation of the Eighth Amendment.

"The Eighth Amendment to the United States Constitution states: 'Excessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted.' (Italics added.) '[T]he Due Process Clause of the Fourteenth Amendment to the Federal Constitution . . . makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States. [Citation.] The Due Process Clause of its own force also prohibits the States from imposing "grossly excessive" punishments . . . .'" [Citation.] [¶] The California Constitution contains

3

similar protections. Article I, section 17, prohibits 'cruel or unusual punishment' and 'excessive fines'; article I, section 7, prohibits the taking of property 'without due process of law.' " (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 727-728.)

Although a default judgment is reviewable on appeal the same as any other civil judgment (*Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1153-1154), a defendant may not contest the merits of the case in an appeal from a default judgment. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823-824 [a default operates as an express admission of well-pleaded factual allegations in the complaint].) Instead, the defendant may contest only whether the trial court had jurisdiction over the defendant, whether the pleadings were sufficient, and whether the relief granted exceeds that sought in the pleadings. Defendant may also assert any procedural issues relating to the entry of default, the default judgment, or motions for relief from such default. (*Id*. at p. 824.)

We review de novo a civil penalty for constitutional excessiveness under the Eighth Amendment. In doing so, we accept the trial court's factual findings unless they are clearly erroneous. (*Sweeney v. California Regional Water Quality Control Bd.* (2021) 61 Cal.App.5th 1093, 1136-1137.) Defendant's problem with raising a constitutional excessiveness claim on appeal is that he did not provide the trial court an opportunity to conduct an excessiveness inquiry or make factual findings. Even after he defaulted, defendant could have, but did not, file a motion for new trial. Instead, he filed a motion for reconsideration. A defendant may attack a default judgment in the trial court by filing a motion for new trial on the ground of excessive damages. (*Misic v. Segars, supra*, 37 Cal.App.4th at p. 1154.) On the other hand, the trial court is without jurisdiction to entertain a motion for reconsideration after judgment. (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1482.) Additionally, defendant filed his notice of appeal before the hearing set for the motion for reconsideration. Therefore, having filed no motion for new trial and having filed his notice of appeal,

4

defendant did not give the trial court the opportunity to evaluate whether the civil penalties were constitutionally excessive. Because we have no factual findings to consider, defendant's only prospect of success is to establish that the civil penalties imposed were constitutionally excessive as a matter of law under any circumstances.

But defendant does not make such an argument. Indeed, similar penalties were upheld in a case involving continuing local housing code violations. (*City and County of San Francisco v. Sainez* (2000) 77 Cal.App.4th 1302, 1321-1323 [$663,000 in civil penalties for continuing violations not constitutionally excessive].)

In any event, defendant makes no factual argument that the civil penalties were constitutionally excessive. " 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality.' [Citation.] [The principle includes] four considerations: (1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]" (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728.)

Defendant does not attempt to apply these principles to any facts associated with his case. Instead, his argument concerning excessiveness consists of quoting various sources concerning excessive fines and then arguing that the civil penalties here are excessive because they are more than the civil penalties imposed in *Timbs v. Indiana* (2019) ___U.S.___ [203 L.Ed.2d 11]. However, that case does not help defendant because its holding was that the Excessive Fines Clause of the Eighth Amendment applies to the states. The United States Supreme Court did not consider whether the fine in that case violated the Excessive Fines Clause but instead sent it back to the state court for that determination. (*Timbs,* at p. __ [203 L.Ed.2d at pp. 15-16, 20].) Accordingly, defendant's argument that the civil penalties were unconstitutionally excessive is without factual or legal support and is without merit.

5

## II

Defendant makes several unfounded and unsupported accusations against the City and the trial court, contending reversal is therefore necessary. He asserts the default judgment is a miscarriage of justice and shocks the judicial conscience. He claims the City's code enforcement merely serves to provide revenue for the City. He argues the City has engaged in predatory action for unjust enrichment. And he concludes that the trial court is complicit in all of the City's wrongdoing.

Defendant's accusations are unfounded because he fails to cite evidence in the record to support them. The only evidence he presents is the amount of the judgment against him. As one example of the failure to provide supporting evidence, defendant alleges the judgment will render him "homeless and penniless," but he does not provide a citation to the record on appeal to support that allegation. We are not free to accept a party's assertions of fact on appeal because we are constrained to review cases based on the appellate record presented to us. (*In re Ketchel* (1968) 68 Cal.2d 397, 401.)

Because we must presume the judgment is correct, an appellant bears the burden of overcoming that presumption by affirmatively demonstrating error and accompanying prejudice. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, the appellant must affirmatively show prejudicial error based on citation to relevant evidence and proceedings in the record. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656.)

While we understand that it can be frustrating for appellants who are self-represented to confine their arguments to the record on appeal, defendant's accusations do not constitute proper argument based on the evidence in the record and its legal effect. "In propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules. [Citations.]" (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) We reject defendant's accusations as unfounded on this record.

# III

Defendant next contends the trial court violated his due process rights.

It appears that one of defendant's specific arguments in this regard is that, because he appeared generally in the actions by making various motions and other filings, he was not in default. This argument is without merit because a general appearance is not the same as an answer to the complaint, and none of defendant's filings were a substitute for an answer. To avoid default, a defendant must file either an answer or a pleading that substitutes for an answer, such as a demurrer. (Code Civ. Proc., § 585, subds. (a), (b) [authorizing clerk, upon application, to enter the defendant's default if "no answer, demurrer, [or other enumerated response] has been filed"].) Defendant did not make such a filing, so he defaulted on the complaint.

Defendant also argues the default judgment is void for lack of jurisdiction because the trial court failed to apply the rules concerning timely requests for default and for default judgment. Defendant cites California Rules of Court, rule 3.110(g) & (h).

California Rules of Court, rule 3.110(g) provides: "If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an order to show cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default."

In addition, California Rules of Court, rule 3.110(h) provides: "When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an order to show cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time."

7

It is undisputed the City did not request entry of default and obtain a default judgment within the time prescribed by these rules. However, defendant makes no argument and cites to no authority for the proposition that the trial court lacks jurisdiction to enter default or default judgment if a plaintiff does not comply with these rules. An appellate brief must "support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) If a party fails to cite authority or present argument, the party forfeits the issue on appeal. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 949.)

Finally, defendant argues default judgment was improper because the City should have filed a motion for summary judgment. Defendant is mistaken. The City properly requested entry of default and moved to obtain default judgment because defendant did not answer the complaint. (Code Civ. Proc., § 585.) Defendant fails to provide authority for his argument that the City should have filed a motion for summary judgment. (*Estate of Cairns, supra*, 188 Cal.App.4th at p. 949.)

IV

Defendant further contends the trial court abused its discretion by not setting aside the default judgment.

Defendant's argument is unfocused and difficult to discern. He apparently raises anew issues we have already discussed above. We need not discuss them again.

Defendant also recounts that the trial court changed its tentative ruling five minutes before the hearing on the motion for relief from default. He claims this establishes prejudice, lack of due process, and abuse of discretion. To the contrary, "[a] tentative ruling is just that, tentative." (*Guzman v. Visalia Community Bank* (1999) 71 Cal.App.4th 1370, 1378.) The trial court may change it before making a final ruling. (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646-647.) It did so here.

8

Any other arguments defendant makes on the issue of abuse of discretion are not sufficiently raised and supported by authority to merit consideration on appeal. (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2.)

DISPOSITION

The judgment is affirmed. The City is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


              /S/
          MAURO, J.



We concur:



      /S/
BLEASE, Acting P. J.



      /S/
HOCH, J.

9