[No. B050647. Second Dist., Div. Five. July 1, 1991.]

CONSTANTIN VELISCESCU, Plaintiff and Appellant, v.
DAN PAUNA, Defendant and Respondent.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 9 6(b) and 976.1, this opinion is certified for publication with the exception of parts II B, C, and D.

**1522**

---

**COUNSEL**

Berndt Lohr-Schmidt for Plaintiff and Appellant.

Farano & Kieviet, Jeffrey L. Farano and Kimberly Briggs Berry for Defendant and Respondent.

---

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Plaintiff Constantin Velicescu, individually and doing business as Connie Construction Co., attempts to appeal from an order granting defendant Dan Pauna's motion to vacate a default entered by the clerk of the trial court. Defendant correctly contends that the order was not appealable. Therefore, we dismiss the appeal.

### II. DISCUSSION

*A. The Order Granting Defendant's Motion to Vacate a Clerk's Entry of Default Was Not Appealable*

■ Established California decisional law provides that no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered. (*Leo* v. *Dunlap* (1968) 260 Cal.App.2d 24, 25 [66 Cal.Rptr. 888]; cf. *Winter* v. *Rice* (1986) 176 Cal.App.3d 679, 682 [222 Cal.Rptr. 340] [order denying motion to vacate clerk's entry of default].) Also, Code of Civil Procedure section 904.1, which contains a lengthy list of appealable orders and judgments, does not allow an appeal to be taken from an order granting a defendant's default relief motion. In the present case, defendant's default was entered by the clerk of the superior court on April 6, 1988. However, no default judgment was ever entered. ■ As Division Seven of this appellate district noted in *Winter* v. *Rice, supra,* 176

Cal.App.3d at page 683, "[T]his court has no power to make appealable an order which is nonappealable. [Citation.]" Accordingly, plaintiff's purported appeal from the order granting defendant's motion to vacate entry of default must be dismissed.[1]

Plaintiff's citation to *Jackson* v. *Bank of America* (1983) 141 Cal.App.3d 55, 58-59 [90 Cal.Rptr. 78], is unpersuasive. In that case Division Four of this appellate district considered the merits of an appeal from an order granting relief from a clerk's entry of default. However, the question whether an appeal may be taken from an order granting relief from default was not raised in *Jackson*. Further, the court did not consider the appealability of the order on its own motion. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].) Because the appealability issue was not raised or considered in *Jackson*, it is not authority for the proposition that such an order is appealable. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

B.-D.*

. . . . . . . . . . . . . . . . . . . . . . .

## III. DISPOSITION

The attempted appeal from the nonappealable order of April 24, 1990, granting defendant's motion to set aside a default, is dismissed. Defendant Dan Pauna is to recover his costs of proceedings in this court from plaintiff Constantin Velicescu, individually and dba Connie Construction Co.

Ashby, J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 18, 1991.

---

[1]Any issue relative to the granting of defendant's motion to set aside the default can be presented on appeal from the judgment. (Code Civ. Proc., § 904.1, subd. (a).)

*See footnote, *ante*, page 1521.