Filed 8/9/13  McCray v. Bd. of Directors, United Services Automobile Assn. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EMANUEL MCCRAY, Plaintiff and Appellant, v. BOARD OF DIRECTORS, UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Defendants and Respondents. | D061921 (Super. Ct. No. 37-2010-00097606-CU-PA-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Lorna Alksne, Judge.  Appeal dismissed.

Emanuel McCray, in pro. per., for Plaintiff and Appellant.

Daniels, Fine, Israel, Schonbuch & Lebovits, Maureen M. Michail and Bernadette C. Brouses for Defendants and Respondents.

Plaintiff Emanuel Cray purports to appeal from an order entered by the trial court on April 18, 2012 (the order). The order granted defendants' ex parte application to (1) vacate a clerk's entry of default against them, and (2) set a hearing on defendants' motion to quash service of summons of McCray's First Amended Complaint.

In their brief and motion to dismiss the appeal, defendants contend the order is not appealable. An order granting a defendant's motion to vacate a clerk's entry of default is not appealable. The court in *Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521 explained:

> "Established California decisional law provides that no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered. [Citations.] Also, Code of Civil Procedure section 904.1, which contains a lengthy list of appealable orders and judgments, does not allow an appeal to be taken from an order granting a defendant's default relief motion. In the present case, defendant's default was entered by the clerk of the superior court on April 6, 1988. However, no default judgment was ever entered. As Division Seven of this appellate district noted in *Winter v. Rice* [(1986) 176 Cal.App.3d 679, 683] '[T]his court has no power to make appealable an order which is nonappealable. [Citation.]' Accordingly, plaintiff's purported appeal from the order granting defendant's motion to vacate entry of default must be dismissed." (*Id.* at pp. 1522-1523, fn. omitted.)

Other courts are in accord with *Velicescu* (see, e.g., *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1154), and McCray has made no effort to cite any contrary authority. Indeed, an appellant's opening brief is required to explain why the order appealed from is appealable (see Cal. Rules of Court, rule 8.204(a)(2)(B); *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556), and McCray has done so in neither his opening brief nor his response to defendants' motion to dismiss the appeal. We conclude McCray's purported

appeal from the order granting defendants' motion to vacate the clerk's entry of default must be dismissed.

DISPOSITION

Defendants' motion to dismiss the appeal from the order of April 18, 2012, is granted, and the appeal is hereby dismissed. Defendants are entitled to recover costs of proceedings in this court.

McDONALD, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.