Filed 9/24/13  Zirdung v. Tapia CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FRED ZIRDUNG,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>JAKE ANTHONY TAPIA,<br><br>        Defendant and Respondent. | A138898<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-12-525297) |

**BACKGROUND**

On October 9, 2012, plaintiff Fred Zirdung filed a complaint against defendant Jake Tapia for damages allegedly arising out of an automobile versus scooter accident in which the two parties were involved.  Tapia did not timely respond, and on December 6, 2012, Zirdung filed a request for entry of his default.  The clerk entered Tapia's default on December 10, 2012.  No default judgment was entered.

On February 28, 2013, Tapia filed a motion to set aside the default.  On April 3, 2013, the court heard the motion, granting it and setting aside Tapia's default.  Tapia answered the complaint that same day.

On June 3, 2013, Zirdung filed a notice of appeal, confirming that he is appealing from an "Order Setting Aside Default."  He cited no statutory authorization for the appeal, as the form requested.  On his civil case information statement, he represented that he was appealing from "an order of judgment under Code. Civ. Proc., § 904.1(a)(3)-(13)."  He further represented that the judgment appealed from disposed of all causes of action.

1

On August 7, 2013, Tapia filed a motion to dismiss, arguing that no appeal lies from an order granting a motion to set aside a default. Zirdung has not opposed the motion.

## DISCUSSION

As a general rule, an appeal may be taken from the final judgment entered in a case. (Code Civ. Proc., § 904.1, subd. (a)(1).) Code of Civil Procedure section 904.1, subdivisions (3) through (13) identify interlocutory orders from which appeal may also be taken. An order granting a motion to set aside a default is not one of the enumerated orders. Case law further confirms that such an order is nonappeable: "Established California decisional law provides that no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered. (*Leo v. Dunlap* (1968) 260 Cal.App.2d 24, 25; cf. *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682 [order denying motion to vacate clerk's entry of default].) Also, Code of Civil Procedure section 904.1, which contains a lengthy list of appealable orders and judgments, does not allow an appeal to be taken from an order granting a defendant's default relief motion." (*Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522.)

As confirmed by the foregoing, the order granting Tapia's motion to set aside the default is nonappealable.

## DISPOSITION

Tapia's motion to dismiss the appeal is granted.  Zirdung's appeal is dismissed. Tapia shall recover his costs on appeal.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Brick, J.[*]

_____

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.