Filed 4/22/15  Pryor v. Lyric Avenue Partnership 1 CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DANNY WAYNE PRYOR, | B249523 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. NC057005) |
| v. | |
| LYRIC AVENUE PARTNERSHIP 1, LLC, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michele E. Flurer, Judge.  Affirmed in part, dismissed in part.

Danny Wayne Pryor, in pro. per.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, Simon Aron, and Elsa Horowitz for Defendants and Respondents Lyric Avenue Partnership 1, and William Schumer.

Narvid Scott and Robert Peter Weiss for Defendant and Respondent Barry Judis.

Eberhardt & Villanueva, Chad A. Eberhardt, and J. Nigel Villanueva for Defendants and Respondents Dorothy Smead and Steven Smead.

_____

## INTRODUCTION

Appellant Danny Wayne Pryor is before us for a second time. In the prior case, we affirmed a judgment in favor of respondent Berto Matta on appellant's complaint against Matta. The 11 causes of action in that complaint arose from the foreclosure on 18 lots of real property in the City of Lancaster (the Lancaster Action). Multiple defendants were named, but all had been dismissed except Matta. (See *Pryor v. Matta* (October 22, 2013, B244149) [nonpub. opn.].) In the instant matter, appellant filed a complaint alleging 11 causes of action against Matta, Sonia Suria, and respondents Lyric Avenue Partnership 1, LLC (Lyric), William Schumer, Barry Judis, Dorothy Smead and Steven Smead, arising out of the foreclosure on 18 lots of real property located in Lancaster.[1] Appellant obtained a clerk's entry of default against the named defendants, but following a noticed motion to set aside the defaults, the trial court vacated the defaults. The trial court also granted respondents' motion to dismiss and sustained demurrers to appellant's complaint on the grounds that the claims were barred by res judicata and by the applicable statutes of limitations. A judgment dismissing with prejudice appellant's claims against Lyric, Schumer, and Judis was entered March 7, 2013. The trial court also denied appellant's motion for a new trial and his motion to vacate the orders setting aside the defaults. Appellant contends the trial court erred in setting aside the defaults because respondents failed to comply with the statutory requirements for seeking relief from a default. In his reply brief, appellant also argues that his claims were not barred by the applicable statutes of limitations because the running of the limitations period was tolled by his June 2009

---

[1] Although Sonia Suria is listed as "Suria Sonia" in the caption page, the body of the complaint and other documents in the record establish that her name is Sonia Suria.

bankruptcy filing. For the reasons stated below, we affirm in part and dismiss in part.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

On January 4, 2012, appellant filed the underlying complaint. The caption page listed the following defendants: Lyric, Schumer, Judis, Matta, Suria Sonia [*sic*], Dorothy Smead, and Steve [*sic*] Smead. In the body of the complaint, the following "Parties" were listed as Defendants: Schumer, Judis, Matta, Sonia Suria, and B-Squared, Inc. doing business as All California Funding (ACF). The complaint also alleged that ACF was "a mere shell through which all other Defendants conduct business." Although not listed under "Parties," Lyric was mentioned in the eighth and ninth causes of action. The Smeads were never mentioned in the body of the complaint.

On May 25, 2012, appellant moved for entry of default against respondents. In support of his applications for entry of default, appellant attached proofs of service. The proof of service for Judis showed that the summons and complaint were not personally served on him, but on "LAW FIRM SIMON ARON," purportedly the attorney of record for Judis.[2] Similarly, the proofs of service for Lyric and Schumer showed that the summons and complaint were served on the same law firm. The defaults were entered June 22, 2012.

On July 6, 2012, Lyric and Schumer made special appearances and filed an ex parte application, pursuant to Code of Civil Procedure section 473.5, to set aside and vacate the defaults entered against them.[3] In the application, they asserted they

---

[2] The record subsequently established that Judis was never represented by Simon Aron or his law firm.

[3] All further statutory citations are to the Code of Civil Procedure, unless otherwise stated.

3

were never properly served with the summons and complaint. Thus, they argued, the trial court lacked jurisdiction over them. In support, Lyric and Schumer attached a declaration from their attorney, Elsa Horowitz. Horowitz stated she specifically told appellant that neither she, nor Simon Aron, Esquire, nor anyone else at the law firm of Wolf, Rifkin, Shapiro Schulman & Rabkin LLP (Wolf, Rifkin), was authorized to accept service of process on behalf of anyone in this action.

Concurrently, B-Squared, Lyric, and Schumer filed a motion to dismiss and demurred to the complaint. They argued that the trial court lacked jurisdiction, and that appellant's claims were barred by res judicata and the applicable statutes of limitations. In their motion, respondents asserted that appellant had filed the same claims against them on multiple occasions, including in the Lancaster Action, and that these claims previously had been adjudicated in their favor. They further argued that the claims were barred by a bankruptcy court order declaring appellant a vexatious litigant and prohibiting him from suing B-Squared and all related parties in other proceedings. Finally, respondents noted that the claims were barred by the applicable statutes of limitations, as the complaint alleged that the last wrongful act occurred on January 13, 2006, but the complaint was not filed until January 4, 2012, well beyond any applicable limitations period.

On July 6, 2012, the trial court denied the ex parte application to set aside the defaults, but deemed the application to be a noticed motion seeking the same relief. It set the hearing on the motion for September 5, 2012. The court set the hearing on respondents' motion to dismiss and demurrer to appellant's complaint for October 17, 2012.

On August 20, 2012, appellant filed an opposition to the motions. He argued that service on the "office manager"/receptionist Elaine Somber was

4

effective under section 415.20 as substitute service on Lyric and Schumer. He further argued that respondents' motion to set aside the defaults pursuant to section 473.5 was improper, as (1) they failed to file a proposed answer or other pleading with their motion, (2) they failed to file the motion within six months, and (3) they failed to show excusable neglect. Finally, he argued that the bankruptcy order was not applicable, as it provided no defense against the fraud claims he was alleging. In an accompanying declaration, appellant also argued that the demurrer should be overruled because, he claimed, none of the causes of action in the instant complaint had ever been litigated in any court of law.

On September 5, 2012, the trial court held a hearing on the motion to set aside the defaults. Attorneys for Lyric, Schumer, and Judis specially appeared, and appellant appeared in propria persona. Following argument, the court granted the motion to set aside the defaults of Lyric and Schumer, finding that service of the law firm was not sufficient to constitute service on Lyric and Schumer, as the law firm was not authorized to accept service. The court further ruled that it would review all of the proofs of services and defaults entered in the matter to determine whether those defaults should also be set aside. On September 25, 2012, the trial court vacated the defaults entered as to Judis, Matta, Suria, and Dorothy Smead on the basis of improper service.

On October 19, 2012, the trial court granted the motion to dismiss filed by B-Squared, Lyric, and Schumer. As a preliminary matter, the court found that although B-Squared was not named in the caption as a defendant, the allegations in the complaint clearly identified it as a defendant. The court determined that appellant's claims against B-Squared and related parties were barred by the bankruptcy court order. It further found that appellant had filed identical claims against the parties in several other actions, including the Lancaster Action, and that

5

appellant's attempts to "relitigate these same claims regarding the subject property and the subject loans" were barred by the doctrine of res judicata. Finally, the court held that the claims also were barred by the applicable statutes of limitations. The court dismissed the claims against B-Squared, Lyric, Schumer and Judis with prejudice. The claims against Matta also were dismissed. The court permitted appellant 20 days to amend the operative complaint to assert any claims he might have against Suria and the Smeads. The judgment dismissing B-Squared, Lyric, Schumer, Judis, and Matta was entered March 7, 2013.

The docket sheet does not reflect that appellant filed an amended complaint. However, it shows that appellant filed new proofs of service for the Smeads. On January 8, 2013, the Smeads demurred to appellant's complaint. On March 13, 2013, the trial court vacated Steven Smead's default and sustained the Smeads' demurrer with leave to amend. The court ruled that the complaint stated no cause of action against the Smeads, noting that appellant did not mention the Smeads anywhere in the complaint. The court further determined that the complaint failed to establish venue and jurisdiction over Suria. The court also stated that all of appellant's claims appeared to be barred by res judicata, and ordered that appellant "distinguish the claims in this complaint from those previously alleged by Plaintiff in his various actions or be precluded from asserting them." Appellant was granted 20 days to file an amended complaint.

On April 18, 2013, appellant filed a "Motion for a New Trial," arguing that the trial court exceeded its authority in vacating the defaults. The docket sheet also reflects that on April 24, 2013, appellant filed a motion to vacate the prior orders setting aside the defaults, sustaining the demurrers and dismissing "certain defendants." This motion is not in the record on appeal. A transcript of the hearing on both motions, however, is in the record. With respect to the motion to

vacate the prior orders setting aside the defaults, appellant's attorney argued that the trial court erred in vacating the default of Steven Smead on its own motion. Following argument, the trial court denied both motions. With respect to the new trial motion, the court found no basis for bringing such a motion, as there had been no trial. As for the motion to vacate prior orders, the court noted that it vacated the default against Steven Smead because appellant failed to identify any actual controversy between the Smeads and appellant.

On June 13, 2013, appellant noticed an appeal from the dismissal with prejudice of his claims against "certain defendants" and from the denial of his new trial motion.

## DISCUSSION

A.      *Dorothy Smead, Steven Smead, and Sonia Suria*

With respect to the Smeads and Suria, appellant has not identified an appealable judgment or order. In his notice of appeal, appellant referenced the March 7, 2013 judgment dismissing B-Squared, Lyric, Schumer, Judis, and Matta, but that judgment was not applicable to the Smeads or to Suria. Appellant also referenced the trial court's order denying his motion for a new trial, but that order is nonappealable. (Code Civ. Proc., § 904.1; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18 ["An order denying a motion for new trial is nonappealable"].) To the extent appellant purports to appeal from the trial court's orders setting aside the defaults of the Smeads and Suria, those orders are not appealable, as no default judgment was entered against them. (See *Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522 ["no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered"].) Similarly, an order sustaining a demurrer with leave to amend is not appealable. (See *Singhania v. Uttarwar* (2006)

7

136 Cal.App.4th 416, 425 ["An appeal does not lie from an order sustaining a demurrer without leave to amend [citations], from an order sustaining a demurrer with leave to amend [citation], or from an order granting a motion for judgment on the pleadings [citation]"].)  The appeal must be taken from the final judgment in the action.  (*Ibid*.)  Therefore, appellant's purported appeals with respect to the Smeads and Suria must be dismissed.

B.     *B-Squared, Lyric, Schumer, Judis, and Matta*

We turn to the appeal from the March 7, 2013 judgment dismissing appellant's claims against B-Squared, Lyric, Schumer, Judis, and Matta. Preliminarily, we note that, as with his prior appeal, appellant's opening brief violates rule 8.204 of the California Rules of Court by failing to concisely and clearly explain the factual and procedural background of the case.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 [self-represented party must follow rules of appellate procedure].)  Likewise, the record on appeal is incomplete.  For example, the only reporter's transcript is of the hearing on appellant's motion for a new trial and on his motion to vacate the court's prior order setting aside the defaults.  No reporter's transcript was produced for the earlier hearings. Accordingly, our consideration of the issues on appeal is greatly hampered, especially in light of the standard of appellate review.

On appeal, the judgment of the trial court is presumed to be correct, and appellant has the burden of demonstrating reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; accord, *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Fladeboe v. American Isuzu Motors, Inc*. (2007) 150 Cal.App.4th 42, 58.)  Moreover, any issue not adequately raised or supported is deemed forfeited.  (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6; accord, *Diamond Springs Lime Co. v. American River Constructors* (1971)

8

16 Cal.App.3d 581, 608; see also *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["The appellate court is not required to search the record on its own seeking error"].)

Here, appellant has not challenged the dismissal of Matta from the case. He presented no arguments in his appellate briefs that the trial court erred in dismissing Matta. Accordingly, he has forfeited any issues with respect to Matta.

Appellant contends the trial court improperly vacated the defaults as to Lyric, Schumer, and Judis. He argues that their motion to set aside and vacate their defaults was procedurally flawed because the motion failed to comply with the requirements set forth in section 473, subdivision (b). We conclude that respondents' motion to set aside the defaults was made under section 473.5, and that it was procedurally proper.[4]

The Code of Civil Procedure authorizes a trial court to vacate and set aside an order entering default under several provisions. The provision under which respondents moved is section 473.5, which provides:

> "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a

---

[4]     We also reject appellant's claim that Judis did not move to set aside and vacate his default. Appellant has not met his burden of demonstrating error. Judis asserted that he joined in the motion to vacate and set aside the defaults brought by Lyric and Schumer, and appellant has not shown otherwise. Indeed, the limited record establishes that Judis appeared telephonically at the hearing on the motion to set aside and vacate the defaults, and that the trial court subsequently set aside and vacated Judis's default. That ruling was amply supported by uncontradicted evidence that Judis was never represented by the attorney on whom appellant purportedly served the summons and complaint.

9

default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered.

"(b) A notice of motion to set aside a default or default judgment and for leave to defend the action shall designate as the time for making the motion a date prescribed by subdivision (b) of Section 1005, and it shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect."

Respondents' motion to set aside their defaults pursuant to section 473.5 complied with the requirements of that statute. The motion was timely (brought two weeks after the defaults were entered), and was accompanied by an affidavit under oath showing that the lack of actual notice in time to defend the action was not caused by avoidance of service or inexcusable neglect (Horowitz's declaration). (Cf. *Kallman v. Henderson* (1965) 234 Cal.App.2d 91, 98 [sworn affidavit that defendant was never served and never authorized another person to accept service constitutes substantial evidence to support a determination that a default judgment is void].) Although the motion initially was filed and served as an ex parte application, the court treated it as a noticed motion and gave appellant an opportunity to respond. Thus, respondents' motion to set aside and vacate the defaults was procedurally proper.[5]

Aside from arguing that the motion was procedurally flawed, appellant presents no other reasoned argument that the trial court abused its discretion in

---

[5] Appellant's argument that respondents failed to comply with the requirements of section 473, subdivision (b) is both inaccurate and irrelevant. Respondents' motion was brought within two weeks of the entry of default, and a proposed pleading -- the motion to dismiss and quash service -- was attached to the application for relief. More important, as noted, respondents did not move under section 473, subdivision (b), but under section 473.5.

10

vacating and setting aside the defaults. Accordingly, he has forfeited any challenge to those orders. (*Reyes v. Kosha*, *supra*, 65 Cal.App.4th at p. 466, fn. 6.)

Likewise, appellant has not met his burden of showing that the trial court erred in dismissing with prejudice his claims against B-Squared, Lyric, Schumer and Judis. The court determined that appellant's claims were barred by the doctrine of res judicata, as he had brought identical claims against the same defendants in prior actions and those claims were resolved adversely to him. Appellant presents no reasoned argument that the trial court's determination was erroneous. Accordingly, he has forfeited any challenge to the trial court's order and judgment of dismissal. (*Reyes v. Kosha*, *supra*, 65 Cal.App.4th at p. 466, fn. 6.)[6,7]

---

[6] Appellant argues that the trial court erred in dismissing B-Squared, as no causes of action were asserted against B-Squared in his complaint. In fact, B-Squared was named as a defendant in the body of appellant's complaint. Moreover, were appellant correct, any error would be harmless. Accordingly, we find no error in the trial court's order dismissing appellant's claims against B-Squared.

[7] Because we conclude that the judgment of dismissal may be sustained on the basis of res judicata, we need not determine whether the judgment may be sustained on any other basis.

## DISPOSITION

The purported appeal as to Dorothy Smead, Steven Smead, and Sonia Suira is dismissed. The judgment dismissing the remaining defendants is affirmed. Respondents are awarded their costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, J.


We concur:



EPSTEIN, P. J.




WILLHITE, J.

12