Filed 11/23/20  Barker v. Di Lando CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KENNETH BARKER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>ROBINSON DI LANDO, et al.,<br><br>Defendants and Respondents. | A159556<br><br>(Contra Costa County<br>Super. Ct. No.<br>MSC1901582) |

Respondents Robinson Di Lando and Panda Restaurant Group, Inc. have moved to dismiss the appeal of appellant Kenneth Barker on the ground that he has appealed from a nonappealable order.  Respondents also request monetary sanctions on the ground that appellant has filed a frivolous appeal.  Because we conclude the trial court's order vacating a default entered against respondents was not appealable, we shall dismiss the appeal.  However, we will decline respondents' request for sanctions.

## BACKGROUND

This appeal, which appellant filed in propria persona, arises from an action alleging discovery abuses (current action).  The current action is derived from a pending action (original action), in which appellant alleged that he was injured after biting into a foreign object in food he had purchased

1

at a Panda Express restaurant.  (*Barker v. Panda Restaurant Group, Inc.*) (Case No. C17-01774.)

In the current action, appellant filed a complaint for abuse of process on August 2, 2019, challenging respondents' allegedly overbroad subpoenas for appellant's medical records in the original action.

Respondents' response to the complaint in the current action was due on Friday, October 25, 2019.  On October 25, respondents attempted to file a demurrer to the complaint at the Contra Costa County Court Clerk's Office. However, the clerk's office returned the demurrer, stating that the names of the defendants must match the summons and complaint exactly.  By the time respondents learned the demurrer had been rejected, it was too late to correct the caption the same day.

Early on the morning of Monday, October 28, 2019, appellant filed separate requests against Robinson Di Lando and Panda Restaurant Group, checking boxes requesting both entry of default and clerk's judgment in the current action, and also requesting "$5.000.000.00" in damages.  On that same date, the clerk checked a box on each of the request forms that stated, "Default entered as requested . . . ."  Later in the day, when respondents again attempted to again file their demurrer with the names corrected, the clerk's office rejected the demurrer because defaults had already been entered in the action.

On October 29, 2019, appellant attempted to file a clerk's default judgment, which was marked received, but was not filed.  The court's register of actions contains a November 8, 2019 entry indicating that appellant's October 29 request for a clerk's judgment could not be filed.

On November 7, 2019, respondents moved ex parte to vacate the default and any clerk's judgment entered on October 28.  After the court

2

denied the ex parte request, respondents filed a notice of motion to vacate the default.

On November 12, 2019, appellant again attempted to file a clerk's default judgment, which was again marked received, but not filed. The court's register of actions contains a November 18 entry indicating that appellant's November 12 request for a clerk's judgment could not be filed.

A January 31, 2020 entry in the court's register of actions shows that a hearing took place on respondents' motion, and another entry states, "Default is set aside on Robinson Di Lando, Panda Restaurant Group."

Also on January 31, 2020, appellant filed a notice of appeal. On the appeal form, he indicated that he was appealing from a January 31 "Judgment after court trial."

On April 27, 2020, the court entered a formal order granting respondents' motion to vacate the defaults and any clerk's judgment, which stated: "As shown by the Register of Actions, the Clerk did not enter default judgments in this case. However, to the extent the Requests for Entry of Default entered by the clerk could be construed as entering default judgments, they are set aside for the reasons set forth above. Additionally, Clerk's Judgments may not be entered in this tort action. [Citation.]"[1]

---

[1] The court explained that respondents' "papers established that their responsive pleading was a court day late because they left out a middle initial in Michael A. Di Lando's name or a similar typographical error and the clerk's office refused to file their pleadings on the date they were presented." Based on respondents' showing "that the typographical error was the result of inadvertence, mistake or excusable neglect" and their "attorney's declaration of fault," the court found that they were entitled to relief under Code of Civil Procedure section 473, subdivision (b).

## DISCUSSION

Respondents (1) contend this appeal must be dismissed because appellant has attempted to appeal from a nonappealable order, and (2) request monetary sanctions, asserting that appellant has filed a frivolous appeal.[2]

### I. *Appealability*

As a general rule, an appeal may be taken from the final judgment entered in a case. (Code Civ. Proc., § 904.1, subd. (a)(1).)[3] In addition, section 904.1 identifies interlocutory orders from which an appeal may be taken. (§ 904.1, subds. (a)(3)-(a)(13).) However, an order granting a motion to vacate a default is not included in this list as an appealable order. Moreover, "[e]stablished California decisional law provides that no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered. [Citations.]" (*Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522 (*Veliscescu*); accord, *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1154 ["When a trial court grants a motion to vacate a default, an appeal does not lie in the absence of entry of a default judgment"].)

Here, although appellant indicated on his notice of appeal that he was appealing from a judgment after court trial, the record shows that he is attempting to appeal from the trial court's order granting respondents' motion to vacate the default that had been entered against them. Moreover,

---

[2] We deny, as unnecessary to resolution of respondents' motion, appellant's request for judicial notice of the facts that respondents have filed "three similar demurrers in the superior court related to the original action," all of which were allegedly rejected by the trial court.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

although appellant checked boxes on a court form requesting both entry of default and clerk's judgment, the court's register of actions states only that "defaults were entered as requested." There is no record of entry of a clerk's judgment and, when appellant subsequently filed two separate requests for a clerk's judgment, the requests were marked "received" and entries in the court's register of actions stated that they could not be filed. Finally, in its April 27, 2019 order vacating the default, the trial court expressly found: "As shown by the Register of Actions, the Clerk did not enter default judgments in this case." In an abundance of caution, the court also stated that to the extent appellant's requests for entry of default entered by the clerk "could be construed as entering default judgments," they were set aside. This statement does not, however, alter the fact that the record contains no entry of a clerk's judgment, as the trial court stated.

Based on the evidence in the record described above, it is apparent that the clerk entered a default only, that no clerk's judgment was ever entered, and that the order granting the motion to vacate the default is not appealable. (See *Veliscescu, supra*, 231 Cal.App.3d at p. 1522.) For these reasons, appellant's purported appeal from that order must be dismissed.[4]

## II. *Sanctions*

Respondents have requested monetary sanctions in the amount of $5,530.00 for attorney fees incurred in preparation of their motion to dismiss. They argue that "[a]ppellant's appeal lacks all merit and is frivolous on its face as there is no appealable judgment or order." They also assert that the

---

[4] Appellant may of course challenge the order granting respondents' motion to vacate the default in any later appeal from the final judgment in this case. (See § 904.1, subd. (a)(1); *Veliscescu, supra*, 231 Cal.App.3d at p. 1523, fn. 1.)

5

"total lack of merit of this appeal is evidence that appellant intended it for delay . . . ."

Section 907 provides: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." Our Supreme Court has further explained that "an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Moreover, "the power to punish attorneys for prosecuting frivolous appeals . . . should be used most sparingly to deter only the most egregious conduct." (*Id.* at pp. 650-651.)

In the present case, we have found that appellant's purported appeal is from a nonappealable order and must therefore be dismissed. However, this fact alone is not sufficient to justify the imposition of monetary sanctions. (See *In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 650 ["An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions"].) Considering the strict standard for imposing sanctions, the fact that appellant does not appear to have any legal background and has litigated the current action in propria persona both in the trial court and this court, and the arguable ambiguity regarding whether a clerk's judgment could have been entered,[5] we conclude the imposition of monetary sanctions is not warranted in this case. (See *id.* at p. 651 [sanctions "should be used

---

[5] As noted, the trial court itself acknowledged the potential for uncertainty when, in its order vacating the default, it stated that "to the extent the Requests for Entry of Default entered by the clerk could be construed as entering default judgments, they are set aside . . . ."

6

most sparingly to deter only the most egregious conduct"]; cf. *Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98 [while "recogniz[ing] that a litigant appearing in propria persona is generally held to the same restrictive rules and procedures as an attorney," appellate court found it inappropriate "to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant"].)

## DISPOSITION

The appeal is dismissed. Costs on appeal are awarded to respondents.

_____

Richman, J.

We concur:

_____

Kline, P. J.

_____

Stewart, J.

*Barker v. Di Lando* (A159556)