Filed 5/2/22  Rios v. West Valley Water Dist. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JOHN RIOS, | |
| Plaintiff and Appellant, | E075835 |
| v. | (Super.Ct.No. CIVDS1937224) |
| WEST VALLEY WATER DISTRICT et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Dismissed.

Paul Cook for Plaintiff and Appellant.

Tafoya Law Group, Robert Nacionales Tafoya for Defendants and Respondents.

Petitioner John Rios contacted respondent West Valley Water District (WVWD) demanding public records relating to improper use of the agency's credit card that led to

1

an employee's termination. Robert Tafoya, general counsel for WVWD contacted petitioner's counsel setting out various defenses to production to "protect the record" but informed petitioner's counsel that the documents were available to be picked up. Instead of picking up the requested documents, petitioner filed a petition for writ of mandate against respondent WVWD, its director Clarence Mansell, and Tafoya, pursuant to the California Public Records Act (CPRA). The petition alleged the respondents refused to produce the requested documents. After mailing the petition without a notice and acknowledgment of receipt to WVWD, respondent's counsel instructed the agency to communicate to petitioner that he should contact WVWD's attorney who would accept service on behalf of the agency. Instead, petitioner requested entry of default against the agency, the agency's director, and counsel for the agency, without serving notice of the default to respondent or its counsel. Respondents moved to set aside the default, which was granted, and petitioner appeals.

On appeal, petitioner challenges the order vacating the default, a non-appealable order. We dismiss the appeal.

## BACKGROUND

On August 21, 2019, Petitioner served a CPRA request on WVWD demanding all agency credit card statements pertaining to amounts charged by Michael Taylor, based on allegations of misuse of the agency credit card. On September 3, 2019, Tafoya, general counsel for WVWD, responded on behalf of the agency, asserting certain objections to the overbreadth of the request, but informing petitioner that the documents he sought

2

would be available for him to pick up on September 17, 2019. On September 5, 2019, petitioner's counsel sent a Government Code section 910 government claim letter to Clarence Mansell, the director of the WVWD, stating that the agency failed in its duty to respond to petitioner's CPRA request. On October 16, 2019, petitioner's counsel emailed Mansell asking for confirmation that the records were available for inspection, incorrectly stating that neither Mansell nor Tafoya had responded to his requests.

On December 9, 2019, petitioner filed a verified petition for writ of mandate for violations of the CPRA, alleging that WVWD refused to release the records he sought. The petition also alleges, mysteriously, but probably copied from a different complaint of a similar nature, that petitioner had been economically injured by the City's actions, which injuries included confiscatory fines and excessive costs for citations and vehicle towing.

Petitioner mailed a copy of the petition without a notice and acknowledgment of receipt to WVWD. Plaintiff's counsel contacted the secretary of the WVWD to advise her that he had mailed the petition but forgot the notice of acknowledgment and wanted to send her the notice of acknowledgment for her to sign. On February 4, 2020, the WVWD secretary contacted Tafoya as general counsel, relaying the communication received from Cook, and indicating she felt uncomfortable signing for receipt of service. Tafoya advised her that no one should be communicating with petitioner's counsel except for WVWD's counsel, and advised her to send attorney Cook a letter advising him she

3

was not authorized to speak with Cook about this or any lawsuit, and that Cook should contact counsel for WVWD.

Apparently, Cook did not contact counsel for the WVWD, and, instead, on March 11, 2020, petitioner filed a request to enter default (by clerk). Respondent filed a motion to vacate the default pursuant to Code of Civil Procedure, sections 473 and 473.5, asserting that service of the petition was defective, that petitioner had improperly named individuals as respondents, contrary to the CPRA, and had failed to serve the request to enter default. The matter was heard on August 26, 2020, resulting in an order granting relief from default to respondents.[1]

On September 28, 2020, petitioner filed a notice of appeal, incorrectly stating that the appeal was from an order after judgment pursuant to Code of Civil Procedure, section 904.1.

DISCUSSION

Petitioner appeals the order granting WVWD relief from default, stating in his notice of appeal that the order appealed from was an order after judgment, which is appealable pursuant to Code of Civil Procedure, section 904.1, subdivision (a)(2). It was not. The record includes the clerk's entry of default only, and no default judgment was entered. The appeal is not from a final judgment.

---

[1] Petitioner has filed a request for judicial notice of the fact that all respondents and their counsel were present for their board meeting on February 6, 2020, and decision on that request was deferred for decision by the panel. We deny that request as moot.

4

An appeal may be taken from the final judgment entered in a case. (Code Civ. Proc., § 904.1, subd. (a)(1).) In addition, an appeal may be taken from certain interlocutory orders. (Code Civ Proc., § 904.1, subds. (a)(3)-(a)(13).) However, an order granting a motion to vacate a default is not enumerated as an interlocutory order from which an appeal may be taken.

California decisional law establishes that no appeal lies from an order granting a motion to vacate a default upon which no default judgment has been entered. (*Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522, citing *Leo v. Dunlap* (1968) 260 Cal.App.2d 24, 25; see also, *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1154 ["When a trial court grants a motion to vacate a default, an appeal does not lie in the absence of entry of a default judgment"].)

Here, no judgment was entered on the default so it was not appealable. Insofar as the order was nonappealable, we dismiss the appeal.

### DISPOSITION

The appeal is dismissed. Respondent is entitled to costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:

CODRINGTON_____
J.

SLOUGH_____
J.

5