Filed 5/13/26  Schwenker v. Silberfein CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KENNETH SCHWENKER, | |
| Plaintiff and Appellant, | E084392 |
| v. | (Super.Ct.No. CIVDS1927636) |
| SRIDHAR SILBERFEIN et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Thomas S. Garza, Judge.  Affirmed in part; dismissed in part.

Kenneth Schwenker, in pro. per., for Plaintiff and Appellant.

Law Office of A. George Glasco, PLC, and A. George Glasco for Defendants and Respondents.

1

Plaintiff and appellant Kenneth Schwenker sued defendants and respondents Sridhar Silberfein and Center for Spiritual Studies of California (Center) for breach of contract and related claims. Following a bench trial, judgment was entered in favor of defendants.[1] On appeal, Schwenker asserts two grounds for reversal. Schwenker contends that the trial court erred by (1) vacating an entry of default as to Silberfein in 2019, and (2) applying the statute of limitations to bar his claims without considering the continuous accrual doctrine. We affirm.

Schwenker also appeals from an attorney fees order but raises no separate argument concerning that order, so we dismiss as abandoned his appeal from that order.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Schwenker filed a complaint alleging claims for breach of contract, fraud, negligent misrepresentation, false promise, breach of implied-in-fact contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress against Silberfein and the Center arising from a settlement agreement executed by the parties in 2011. Schwenker requested entry of default against Silberfein after he failed to file a timely responsive pleading. Default was entered on the complaint as to Silberfein. The superior court register of actions does not reflect that default judgment was entered against Silberfein.

Six days later, Silberfein's demurrer was rejected due to his default status. Less than two weeks later, Silberfein moved the court to vacate the default under Code of Civil

---

[1] Schwenker limits his claims on appeal to Silberfein.

2

Procedure section 473, subdivision (b).[2] Silberfein's motion was supported by defense counsel's declaration in which he attested he met and conferred with Schwenker regarding the bases for a demurrer to the complaint; he advised Schwenker he was traveling out of state and would file and serve the demurrer the following week; the default was entered a few days after he had spoken extensively with Schwenker and without any notice to him; he was at fault for mistake, inadvertence, surprise or excusable neglect within the meaning of section 473 because he did not formalize a written extension of time to respond; and he did not consider the possibility of Schwenker seeking entry of default while he was out of town after their conversation.

After considering all filed pleadings and hearing arguments on the motion to vacate on December 23, 2019, the court granted the motion reasoning that relief was mandatory under section 473, subdivision (b), given defense counsel's declaration attesting to his mistake, inadvertence, surprise, or neglect. The court also stated that the law strongly favors trial and disposition on the merits, and any doubts in applying section 473 must be resolved in favor of the party seeking relief.

After the default was set aside, Schwenker filed two amended complaints. The first amended complaint filed on January 12, 2023, the operative complaint at trial, and Silberfein's corresponding answer are not included in the record on appeal.[3]

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] Respondents filed a motion to augment the record on appeal to include, among other documents, the operative first amended complaint and answer. But in the

*[footnote continued on next page]*

On May 17, 2024, a bench trial was held. Schwenker was represented by an attorney. Schwenker testified on his own behalf, and two of Schwenker's exhibits were admitted into evidence. A third exhibit was identified but not admitted after Schwenker's counsel asked the court to sustain Silberfein's objection to it. Schwenker did not identify or seek admission of any other exhibits.

During Schwenker's testimony, defense counsel objected to evidence related to the breach of contract claim beyond the four-year statute of limitations period prior to the initial complaint filed in September 2019. The court at first agreed that such evidence was not relevant to the breach of contract claim, but overruled subsequent objections based on the statute of limitations ultimately allowing testimony dating back to 2011. At the close of evidence, the court took the matter under submission, indicating it would rule by minute order. A month later, the court issued a minute order ruling in favor of Silberfein and the Center and against Schwenker on all causes of action.

The court entered judgment for Silberfein and the Center in July 2024. The court concluded that Schwenker failed to meet his burden of proof as to essential elements for each of the seven causes of action alleged in the first amended complaint. Specifically, with respect to the cause of action for breach of contract, the court concluded that Schwenker failed to meet his burden of proving a definitive, nonspeculative amount of damages. Schwenker timely appealed the judgment.

---

respondents' brief, they state that they are withdrawing their motion. We accordingly deny the motion to augment.

4

Subsequently, the court awarded $52,994.50 in attorney fees to Silberfein and the Center. Schwenker filed a second notice of appeal regarding the order granting attorney fees. The record on appeal does not include the motion for attorney fees or Schwenker's response to the motion.

## DISCUSSION

I.      *Silberfein's Default*

Schwenker contends the trial court erred by setting aside the default against Silberfein in 2019. We disagree.

As an initial matter, Silberfein's argument regarding the appealability of the trial court's default order is immaterial as Schwenker is appealing from the judgment and not the default order. While an order granting or denying a motion to vacate a default is not independently appealable, it is reviewable on appeal from judgment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Velicescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1523, fn. 1 ["Any issue relative to the granting of defendant's motion to set aside the default can be presented on appeal from the judgment."]; *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682.) We therefore review on the merits.

"Section 473(b) authorizes the trial court to vacate a dismissal, order, or judgment if it occurred because of the excusable mistake, inadvertence, surprise, or neglect of a party or its attorney." (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1102.) "The section provides for both mandatory and discretionary relief." (*Talbott v. Ghadimi* (2025) 109 Cal.App.5th 967, 976 (*Talbott*).)

5

Mandatory relief is available "whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, . . . unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) "[F]or purposes of section 473, subdivision (b), ' "[r]elief is mandatory when a complying affidavit is filed, even if the attorney's neglect was inexcusable." [Citation.]' " (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 401 (*Carmel*).) " '[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief.' [Citation.] Thus, to the extent that the applicability of the mandatory relief provision does not turn on disputed facts, but rather, presents a pure question of law, it is subject to de novo review." (*Id.* at p. 399.)

"Where the facts are in dispute as to whether . . . the prerequisites of the mandatory relief provision of section 473, subdivision (b), have been met, we review the record to determine whether substantial evidence supports the trial court's findings." (*Carmel*, *supra*, 175 Cal.App.4th at p. 399; see *Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867; see *Talbott*, *supra*, 109 Cal.App.5th at p. 977 [where facts relating to set-aside are undisputed, review is de novo, and where such facts are in dispute, review is for substantial evidence].) "It is not the function of an appellate court to reweigh the evidence, but we cannot avoid our duty to determine whether the evidence constitutes substantial evidence." (*United Professional Planning, Inc. v. Superior Court*

6

(1970) 9 Cal.App.3d 377, 392.) "Substantial evidence means more than a mere scintilla; it means 'such relevant evidence as a reasonable man might accept as adequate to support a conclusion.' " (*Ibid*.)

Schwenker disputes the facts here as to whether the prerequisites of the mandatory relief provision have been met. Namely, he argues that Silberfein failed to submit any competent evidence demonstrating his mistake, inadvertence, surprise, or excusable neglect by offering only general and vague claims. On the contrary, Silberfein's motion was supported by counsel's declaration explaining that he met and conferred with Schwenker as required prior to filing a demurrer, discussed the merits of the contemplated demurrer, and informed Schwenker of his intention to file a demurrer after his return from a short out-of-state trip to which Schwenker did not appear to object. Counsel admitted that his mistake was in failing to obtain a written extension of the responsive pleading deadline as he disregarded the possibility, given the meet and confer, that Schwenker would seek a default entry during his trip. Counsel's declaration constituted substantial evidence that his mistake caused Silberfein's default, triggering the mandatory relief provisions of section 473, subdivision (b). Relief was mandatory regardless of whether the attorney's neglect was excusable. Schwenker has failed to show that trial court erred by granting relief from default.

II.     *Statute of Limitations and the Continuous Accrual Doctrine*

Schwenker's additional challenge that the trial court erred by barring his claims based on the statute of limitations is also without merit.  Specifically, Schwenker claims the trial court neglected to properly consider and apply the continuous accrual doctrine.

A four-year statute of limitations applies to an action for breach of contract founded upon an instrument in writing.  (§ 337.)  The cause of action accrues when the breach occurs.  (*Spear v. California State Automobile Assn* (1992) 2 Cal.4th 1035, 1040.)  Where there is a continuing wrong, however, with periodic new injury to the plaintiff, the courts have applied a " 'theory of continuous accrual.' "  (*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.* (2004) 116 Cal.App.4th 1375, 1388.)  "[U]nder the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."  (*Aryeh v. Canon Bus. Sols., Inc.* (2013) 55 Cal.4th 1185, 1192.)

We presume that appealed orders or judgments are correct.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  As the appellant, it is Schwenker's "burden to affirmatively demonstrate error by citing applicable law and showing where in the record the error occurred."  (*Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.)  "This burden requires more than a mere assertion that the judgment is wrong."  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  When attempting to meet this burden, pro se litigants, like all litigants before

8

us, "must follow the rules of appellate procedure." (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 (*Singh*) [unrepresented litigants are "entitled to the same but no greater consideration than other litigants"].) Among other things, those rules require an appellate brief to provide a citation to the record for a factual assertion. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Singh*, at p. 861.) In addition, it is the appellant's burden to provide an adequate record on appeal. (*Jameson*, at p. 609.) The failure to provide an adequate record on an issue requires that the issue be resolved against the appellant. (*Ibid.*)

Schwenker fails to meet his burden of affirmatively demonstrating error. First, Schwenker fails to specify where in the record any testimony or evidence was excluded based on the statute of limitations. Nevertheless, our review of the relevant portions of the record regarding the statute of limitations shows that the court did sustain defense counsel's relevance objection to evidence of contract breaches beyond the four-year limitations period. The record also reveals, however, that subsequent objections based on the statute of limitations were overruled and evidence dating back to 2011 was ultimately admitted. Schwenker alleges that he was not allowed to submit 21 exhibits to prove breach of contract and damages, presumably because the court barred them based on the statute of limitations, but the record supports that only three exhibits were identified at trial where two were admitted and plaintiff's counsel conceded to exclusion of the third exhibit. Schwenker did not identify or seek to admit any other exhibits.

Second, the record on appeal does not support Schwenker's contention that the court barred his claims based on the statute of limitations. Instead, the record is clear that the court's ruling was based on Schwenker's failure to meet his burden of proving essential elements for each of the seven causes of action alleged in the operative complaint and not the statute of limitations.

Finally, Schwenker argues for the first time in his reply, absent a good cause showing, that the court erred by permitting Silberfein and the Center to rely on the statute of limitations despite their failure to raise that defense in their answer. There is no adequate record to support this claim, however, as Schwenker failed to include the answer to the operative first amended complaint. Moreover, "[w]e do not consider arguments raised for the first time in the reply brief without a showing of good cause." (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 591, fn. 3.) Finding no error, we affirm the judgment.

III.     *Attorney Fees Order*

Finally, Schwenker filed a second notice of appeal to contest the trial court's November 13, 2024, order awarding attorney fees to Silberfein and the Center. The record on appeal does not include the motion for attorney fees or Schwenker's opposition, and the opening brief also lacks any reference to the award of attorney fees. Because Schwenker has not argued that the attorney fees order was erroneous in any respect, we dismiss as abandoned his appeal from that order. (*In re Sade C.* (1996) 13

10

Cal.4th 952, 994 [appellants "must raise claims of reversible error or other defect," and if they do not, the appellate court may deem the appeal abandoned and dismiss it].)

## DISPOSITION

The appeal from the November 13, 2024, order awarding attorney fees is dismissed as abandoned.  The judgment is affirmed.  Respondents shall recover their costs of appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>LEE</u>

J.

We concur:


<u>RAMIREZ</u>

P. J.


<u>MENETREZ</u>

J.